# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    **v.**                           **Case No. 14-CR-78**

**KEVIN R. ARMS, et al.**
        **Defendants.**

---

## DECISION AND ORDER

In a 28-count second superseding indictment, the government charged 29 defendants with drug trafficking, racketeering, and related offenses. The defendants filed numerous pre-trial motions, and the magistrate judge handling pre-trial proceedings in this case issued a 62-page recommendation and order on the motions. Defendants Kevin Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas (hereafter "the Arms defendants") object to the magistrate judge's recommendation that their motion to dismiss count 27 be denied. Defendant John Bailey objects to the magistrate judge's denial of his motions for a bill of particulars, the recommended denial of his motions to dismiss counts 27 and 28, the denial without prejudice of his motion to exclude testimony, the denial of his motion for immediate disclosure of Rule 404(b) evidence, the deferral of his motion for a Santiago hearing, the denial in part of his motion for disclosure of the identity of unindicted co-conspirators,[1] and the denial of his motion for disclosure of grand jury minutes. The parties have not otherwise objected to the magistrate judge's recommendation and order.

---

[1]In a previous order on Bailey's motion to disclose the identity of informants, the magistrate judge required disclosure of certain informants 60 days before trial. (R. 452.) I affirmed that order over Bailey's objection that disclosure should be immediate. (R. 548.)

The district court reviews de novo a magistrate judge's recommendations on dispositive motions, such as motions to dismiss or suppress. Fed. R. Crim. P. 59(b). The district court will set aside a magistrate judge's orders on non-dispositive motions, such as those seeking discovery or disclosure, only if they are contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a).

## I. THE ARMS DEFENDANTS' OBJECTIONS

The Arms defendants challenge the sufficiency of count 27, which charges them with a violation of 18 U.S.C. § 1962(d), the RICO conspiracy provision. (R. 501 at 28-31.) Under Fed. R. Crim. P. 7(c)(1), the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In order for an indictment to be sufficient, it must identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems. United States v. Phillips, 645 F.3d 859, 861 (7th Cir. 2011) (citing Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991)). The Seventh Circuit has "consistently held that nothing more is required." Id. The indictment need not exhaustively recount the facts surrounding the crime's commission or provide the details of how it will be proved. United States v. Agostino, 132 F.3d 1183, 1189, 1191 (7th Cir. 1997). Generally, it will suffice to set forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense. Id. at 1189.

For an indictment to adequately set forth the elements of a racketeering conspiracy, it need only charge – after identifying a proper enterprise and the defendant's association with that enterprise – that the defendant knowingly joined a conspiracy, the objective of which was

2

to operate that enterprise through a pattern of racketeering activity.  United States v. Tello, 687 F.3d 785, 794 (7th Cir. 2012).  A pattern of racketeering activity consists of at least two acts of racketeering within 10 years.  18 U.S.C. § 1961(5).  Importantly, in order to establish a RICO conspiracy under § 1962(d), as opposed to a substantive RICO violation under § 1962(c), the government need not prove that the defendant committed two predicate acts of racketeering, that he agreed to personally commit two predicate acts, or that any such acts were ultimately committed by anyone.  Tello, 687 F.3d at 792.  The defendant need only agree that such acts would be committed on behalf of the conspiracy.  Id. at 795.

Count 27 is sufficient under these standards.  It identifies the enterprise ("the Arms Enterprise"), the purposes of the enterprise (enriching members and associates, promoting the position of the enterprise, preserving the power of the enterprise, keeping victims and rivals in fear, providing financial support and information to members, and avoiding detection), and the means and methods of the enterprise (drug trafficking and gambling, acts of violence, threatening rivals, and obtaining firearms).  (R. 501 at 28-30.)  It then alleges that the Arms defendants,

> being persons employed by and associated with the enterprise described in . . . this count, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Arms Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering[.]

(R. 501 at 30.)  Count 27 further alleges: "It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise. . . . All in violation of Title 18, United States Code, Section 1962(d)."  (R. 501 at 31.)

3

In their objections, the Arms defendants argue that count 27 fails in two respects: (1) it does not sufficiently identify the structure of the Arms enterprise, and (2) it does not identify any predicate acts the defendants allegedly committed. (R. 626 at 2.) The first argument confuses what the government must prove at trial as opposed to what must be set forth in the indictment, and the second argument rests on the faulty assumption that the defendants are charged with a substantive RICO violation under § 1962(c) rather than RICO conspiracy under § 1962(d).

## A.    The Enterprise

In a three paragraph section titled "The Enterprise," count 27 alleges:

1.    Kevin R. Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas, and others known and unknown to the grand jury were members and associates of the Arms enterprise (hereinafter the "enterprise"). Members and associates of the enterprise engaged in drug trafficking, money laundering, and acts of violence, including murder, attempted murder, and assault.

2.    Defendant Kevin R. Arms was the leader of the Arms Enterprise.

3.    The Arms Enterprise, including its leadership, membership, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

(R. 501 at 28.)

The Arms defendants complain that, aside from identifying Kevin Arms as the leader, the indictment is silent about leadership structure or any other features of the alleged enterprise. They also complain that the instant indictment lacks some of the evidentiary detail seen in United States v. Torres, 191 F.3d 799 (7th Cir. 1999), a case cited by the magistrate judge, regarding what the participants did and how they worked together. They further note

4

that the indictment fails to flesh out the "structural features" of an enterprise identified in <u>Boyle v. United States</u>, 556 U.S. 938, 946 (2009) – purpose, relationships, and longevity.

As indicated above, it is ordinarily sufficient for an indictment to track the language of the statute, which the instant indictment does in defining the enterprise in ¶ 3, quoted above. In further describing the enterprise, the second sentence of ¶ 3 paraphrases the definition of that term adopted in <u>United States v. Turkette</u>, 452 U.S. 576 (1981), and endorsed in <u>Boyle</u>, 556 U.S. at 942. As in <u>Torres</u>, the indictment "follows the words of the statute itself and alleges an enterprise made up of the defendants. It provides structure to the enterprise by explaining who participated in it, what they did and its purpose, means, and methods." 191 F.3d at 806. The Arms defendants provide no authority for their claim that more specific evidentiary detail is required. They cite <u>Rao v. BP Products North America, Inc.</u>, 589 F.3d 389, 400-01 (7th Cir. 2009), where the court upheld the dismissal of a civil RICO complaint under the <u>Twombly</u> pleading standards, but the Seventh Circuit has rejected the notion that <u>Twombly</u> applies to review of a criminal indictment. <u>United States v. Vaughn</u>, 722 F.3d 918, 926 (7th Cir. 2013). <u>Boyle</u>, also cited by the Arms defendants, addressed the sufficiency of the evidence presented at trial, not the sufficiency of an indictment. Ultimately, the indictment need only set forth the offense with which the defendant is charged, not the evidentiary details of how it will be proved. <u>United States v. Kendall</u>, 665 F.2d 126, 135 (7th Cir. 1981). Count 27 does that.

**B.     Pattern of Racketeering**

The Arms defendants concede that their second argument fails if count 27 charges a conspiracy rather than a substantive RICO violation. <u>See</u> <u>Glecier</u>, 923 F.2d at 501 ("If the government were required to identify, in indictments charging violation only of section 1962(d), specific predicate acts in which the defendant was involved, then a 1962(d) charge would have

5

all of the elements necessary for a substantive RICO charge. Section 1962(d) would thus become a nullity[.]"). The Arms defendants note that count 27 uses language from both § 1962(c) and § 1962(d), and that the only reference to the RICO conspiracy statute comes at the very end of the count. They argue that if the government intended to charge a conspiracy it never should have referenced § 1962(c).

Section 1962(d) covers conspiracies to violate § 1962(a), (b), or (c), and the instant indictment references § 1962(c) in order to provide the defendants with notice of which sub-section they allegedly conspired to violate. Placing the citation to § 1962(d) at the end of the count is typical draftsmanship. Section D of count 27, which contains the charging language, is clearly labeled "racketeering conspiracy" (R. 501 at 30), and ¶ 7 of that section alleges that the defendants "agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise" (R. 501 at 31), as is required for a RICO conspiracy.

For these reasons and those stated by the magistrate judge, the Arms defendants' motions to dismiss count 27 will be denied.[2]

## II. BAILEY'S OBJECTIONS

### A.    Motions for a Bill of Particulars

Bailey is charged in count 1 with conspiracy to distribute controlled substances, in count 5 with discharge of a firearm (causing death) in furtherance of the drug trafficking conspiracy

---

[2]The Arms defendants do not in their objections renew their argument to dismiss count 27 based on failure to allege time frames. (R. 569.) For the reasons stated by the magistrate judge (R. 610 at 15-16), that motion will be denied. Kevin Arms also moved to dismiss count 5 (R. 446), but he later agreed that changes made in the second superseding indictment mooted that motion (R. 610 at 4). I will accordingly deny the motion dismiss count 5 as moot.

6

charged in count 1, and in count 28 with murder in aid of the racketeering enterprise alleged in count 27.[3]   Bailey filed three motions for a bill of particulars, seeking the following information:[4]

1.      When did Bailey allegedly terminate his involvement in the conspiracy?

2.      What acts, and when did Bailey purportedly commit acts, in the furtherance of the conspiracy?

3.      In what acts did Bailey purportedly engage in the planning for, perpetration of or cover-up of the homicide in Count V?

4.      What direct evidence, i.e., eye witnesses, admission of the defendant, admission of a co-defendant, or physical evidence implicates Bailey in the events relating to Count V of the indictment?

5.      How does the alleged homicide set forth in Count V constitute an act in the furtherance of the drug conspiracy charged in Count I of the indictment?

6.      What jury instructions or directions were given to the Grand Jury in its deliberations regarding Count V?

7.      Provide the Grand Jury minutes for the issuance of the indictment in this matter.

8.      When did Bailey become a member of the enterprise and RICO conspiracy? What acts demonstrate his entrance and/or withdrawal from the enterprise and RICO conspiracy?

9.      Through what acts did each member of the enterprise and John Bailey engage in conduct in the furtherance of the enterprise?

10.      Describe the organizational structure of the enterprise.

———————————————

[3]Bailey is not charged in count 27, however.

[4]The government agreed to provide a bill identifying unindicted co-conspirators, the alleged start date of the conspiracy, and when each defendant is alleged to have joined the conspiracy, and the magistrate judge determined that this mooted part of Bailey's first motion. As discussed below, Bailey disagrees. The magistrate judge also determined that the filing of the second superseding indictment mooted in part Bailey's second motion. Bailey agrees with that determination.

7

11.     What acts, enumerated by time, place, description, and participants constitute a pattern of conduct of the enterprise?

12.     State each specific act by time, place, description, and participants which purportedly foster the six enumerated purposes of the enterprise.

13.     State each specific act by time, place, description, and participants which further the Means and Methods of the enterprise delineated in the five categories of the indictment.

(R. 610 at 21-23.)

Under Fed. R. Crim. P 7(f), the district court may direct the government to file a bill of particulars – a more specific expression of the activities the defendant is accused of having engaged in which are illegal. The decision whether to require a bill of particulars rests with the sound discretion of the trial court. To determine the necessity of a bill, the court looks at whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial. United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). As indicated, the defendant is only entitled to know the offense with which he is charged, not all the details of how it will be proved. Kendall, 665 F.2d at 135. Furthermore, a bill is not required when the information necessary to prepare a defense can be obtained through some other satisfactory form, such as discovery. Canino, 949 F.2d at 949.

In the present case, the magistrate judge granted Bailey's request #1, ordering that not less than 60 days before trial the government provide a bill indicating the date Bailey terminated his involvement in the conspiracy (if the government, in fact, believed he did end his involvement prior to the date of the second superseding indictment). The magistrate judge found that the remaining requests read like civil interrogatories whereby Bailey asked the court to order the government to disclose how it intends to prove its case. See, e.g., United States v. Mazharuddin, No. 12-CR-88, 2013 U.S. Dist. LEXIS 16643, at *13 (E.D. Wis. Feb. 7, 2013)

8

(affirming denial of motion that "reads like a request for the evidentiary details of the government's case, which [the defendant] has no right to discover through a bill of particulars"); United States v. Rodriguez, No. 08-CR-190, 2009 U.S. Dist. LEXIS 38695, at *13 (E.D. Wis. Apr. 24, 2009) ("Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a conspiracy[.]"). The magistrate judge specifically denied requests 2-5 and 9-13 as outside the permissible scope of a bill of particulars. The magistrate judge denied request 8 because Bailey had not been charged with being a member of the RICO conspiracy, and Bailey had failed to demonstrate how this information was relevant to him. Finally, the magistrate judge denied requests 6 and 7 for the same reasons he gave in denying Bailey's separate motions for grand jury disclosure.[5]   (R. 610 at 26-29.)

In his objections, Bailey notes that count 1 alleges a conspiracy beginning in 2007 and continuing through March 18, 2014, and counts 5 and 28 allege that he participated in a murder on or about November 16, 2008. The indictment does not otherwise disclose any acts committed in furtherance of the conspiracy and fails to disclose when each defendant entered the conspiracy or terminated their involvement. Bailey also notes that he was incarcerated from September 1997 through January 2008 and again from May 2010 forward, and the discovery fails to detail any act he allegedly committed in furtherance of the conspiracy while incarcerated; an unidentified informant reported that Bailey distributed drugs for Kevin Arms but provided no specifics. The discovery includes reports pertaining to the November 16, 2008 murder of Paula Jackson, but those reports do not mention Bailey; an informant later stated

_____

[5]As discussed in § II.G. below, the magistrate judge found that Bailey failed to show grounds for grand jury disclosure.

9

Bailey was involved in the homicide, but Bailey complains that this statement also lacks detail. Finally, Bailey notes that count 28 alleges that he committed a murder in aid of the racketeering enterprise alleged in count 27, so the failings and omissions of count 27 also apply to him. Bailey then proceeds to criticize count 27 for failing to explain how the members of the enterprise engaged in the acts, means, and methods alleged. He concludes that, absent a bill of particulars, he cannot prepare a proper defense. While a bill is not required when the necessary information can be gleaned from discovery, see Canino, 949 F.2d at 949, Bailey contends that the discovery in this case is largely redacted, based on the statements of undisclosed informants.

In his objections, Bailey therefore requests the court order the government to provide a bill of particulars setting forth the following information:

1.     Exactly when did the drug and RICO conspiracies and RICO enterprise begin?

2.     Exactly when did John Bailey purportedly enter the drug and RICO conspiracies and RICO enterprise?

3.     Exactly when did John Bailey purportedly terminate his involvement with the drug and RICO conspiracies and RICO enterprise?

4.     What acts, and when did John Bailey purportedly commit such acts, in the furtherance of the drug and RICO conspiracies and RICO enterprise?

5.     In what acts did John Bailey purportedly engage in the planning for, perpetration of or cover-up of the homicide in Count Five?

6.     What direct evidence, i.e., eye witness; admission of the defendant; admission of a co-defendant; or physical evidence implicate John Bailey in the events relating to Count Five of the indictment?

7.     The names, (and not just SOI designations), of all individuals known to the grand jury and the government who are unnamed, and yet, are claimed to be members of the RICO enterprise and RICO conspiracy.

8.     What acts demonstrate his entrance and/or withdrawal from the enterprise and

RICO conspiracy?

9.    Through what acts did each member of the enterprise and John Bailey engage in conduct in the furtherance of the enterprise?

10.    Describe the organizational structure of the enterprise.

11.    What acts, enumerated by time, place, description, and participants constitute a pattern of conduct of the enterprise?

12.    State each specific act by time, place, description, and participants which purportedly foster the six enumerated purposes of the enterprise.

13.    State each specific act by time, place, description, and participants which further the Means and Methods of the enterprise delineated in the five categories of the indictment.

(R. 636 at 8-9.)[6]

Bailey contends that these requests are not a veiled set of interrogatories and do not seek evidentiary details or the methodology by which the government intends to prove its case. Given the complexity of the case, he argues that immediate disclosure is necessary for him to prepare a defense, minimize the danger of surprise at trial, and enable him to plead acquittal or conviction in bar of another prosecution for the same offense.

Bailey does not contend that the magistrate judge applied incorrect legal standards; rather, his complaint is with how the magistrate judge exercised his discretion. However, Bailey fails to show that the magistrate judge abused his discretion in failing to require the government to produce the detailed information he seeks. As the magistrate judge noted, these requests resemble civil interrogatories; courts ordinarily decline such requests. See, e.g., United States v. Vest, No. 06-cr-30011, 2006 U.S. Dist. LEXIS 52135, at *10 (S.D. Ill. July 28, 2006); United States v. Douglas, 05-CR-21-C, 2005 U.S. Dist. LEXIS 13163, at *12-13 (W.D. Wis. June 27,

------

[6]These requests differ somewhat from the list set forth in the magistrate judge's order.

2005), adopted, 2005 U.S. Dist. LEXIS 14421 (W.D. Wis. July 12, 2005). Bailey makes no claim that the government is not following its open file discovery policy in this case, and the government previously indicated that it provided more than 11,000 pages and 60 discs of discovery. (R. 463 at 7.) To the extent that the partial redaction of the discovery could hinder trial preparation, Bailey overlooks the magistrate judge's previous order for disclosure 60 days before trial.

Looking specifically at the requests set forth in the objections, as to #1 and #2, the government has provided the start date of the drug conspiracy and when Bailey joined it.[7] (R. 541 at 1.) Bailey is not alleged to be a member of the RICO conspiracy, as the magistrate judge noted, and Bailey fails to explain why he needs further information regarding that count to prepare a defense.[8] Request #4, seeking identification of acts Bailey committed in furtherance of the drug and RICO conspiracies, overlooks that the government need not prove overt acts in furtherance of a drug conspiracy, United States v. Shabani, 513 U.S. 10 (1994), and, again, that Bailey is not charged in the RICO conspiracy. Request #5 and #6 seek further explanation as to how the government plans to prove the homicide charged in count 5 but, in addition to exceeding the scope of a bill of particulars, Bailey fails to explain why he cannot mount a defense to this very specific allegation based on the discovery provided. Requests #7-13 pertain to the RICO enterprise and conspiracy; Bailey is not charged with being a member of either. Rather, he is charged with committing a single act in aid of the enterprise.

---

[7]As discussed below, Bailey argues that the government's bill is insufficient. I reject that argument.

[8]Regarding #3, as discussed below, the magistrate judge required the government provide the date when Bailey terminated his involvement, and the government indicates that, in its view, he never did. This request is moot.

12

In sum, I cannot conclude that the magistrate judge clearly erred in denying Bailey's requests.

Bailey also objects to the magistrate judge's conclusion that the bill of particulars the government did provide – identifying unindicted drug co-conspirators, the start date of the drug conspiracy, and the date on which Bailey is alleged to have joined the drug conspiracy – mooted some of his requests. Bailey notes that, regarding the date he alleged joined the conspiracy, the government states only that Bailey was a member since the early 1990s; he further contends that the long list of co-conspirators falls short of an appropriate response in that at least half of the unindicted co-conspirators are identified by number only. Bailey provides no authority requiring the government to provide greater specificity as to the start date of the conspiracy and, as discussed above, the government will be required to identify certain informants prior to trial.

Finally, Bailey disagrees with the magistrate judge's decision to require the government give notice 60 days before trial of the date on which his involvement in the drug conspiracy terminated. In its response to the objections, the government states that, in its view, Bailey never withdrew from the conspiracy. This request is therefore moot. See also Smith v. United States, 133 S. Ct. 714 (2013) (holding that the defendant bears the burden of proving withdrawal from a conspiracy).

In his reply in support of the objections, Bailey notes that the indictment alleges a conspiracy starting in 2007, while the government in its bill of particulars states that the conspiracy began in the early 1990s. He worries that he may be prejudiced by a constructive amendment to the indictment or a variance between the indictment and the proof at trial. (R. 641 at 1-2.) This is an issue for trial. Should the government's proof vary such that the defense is prejudiced, Bailey may object at that point.

13

**B.    Motions to Dismiss Counts 27 and 28**

Bailey moved to dismiss counts 27 and 28.  As indicated, Bailey is charged in count 28 with committing a murder in aid of the Arms Racketeering enterprise alleged in count 27, contrary to 18 U.S.C. § 1959(a)(1).  (R. 501 at 32-33.)  Bailey is not charged in count 27; he therefore cannot move to dismiss that count.

Bailey argued that count 28 should be dismissed because it incorporated by reference count 27, including all the failings and omissions of count 27.  The magistrate judge noted that count 28 does not incorporate all of count 27, just the first five paragraphs describing the enterprise.  The magistrate judge further noted that Bailey reiterated the contentions of the Arms defendants regarding count 27 (discussed above), which he had rejected.  Finally, the magistrate judge noted that Bailey failed to discuss § 1959, the statute at issue in count 28; count 28 tracked the language of the statute, and Bailey developed no argument as to why it was insufficient.  See Vaughn, 722 F.3d at 925 (tracking the words of the statute is generally sufficient).

In his objections, Bailey discusses at length the requirements for proving up an enterprise and a pattern of racketeering activity.  (R. 636 at 11-15.)  However, he never mentions the elements of § 1959, the statute under which he is actually charged.  He contends that the magistrate judge failed to correctly assess the deficiencies of count 27 and the manner in which they impact the viability of count 28 (R. 636 at 15), but he fails to specifically explain how the magistrate judge erred.  See United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (explaining that generalized objections, absent specific legal authority, do not invoke the district court's obligation to perform a de novo review).  In any event, to the extent that count 27's enterprise discussion is relevant to Bailey's motion, for the reasons set forth in

14

§ I.A. above, count 27 is sufficient. On de novo review, I will deny Bailey's motion to dismiss count 28.

## C.    Motion to Exclude Witness Testimony

Bailey moved to exclude testimony from the informants under Fed. R. Evid. 602 because he could not determine from the discovery whether they would testify based on personal knowledge.[9] He asked the court to order the government to disclose how the informants acquired their information implicating him. The magistrate judge denied the motion without prejudice as premature, noting that Bailey could object at trial if he believed a witness's testimony lacked proper foundation. (R. 610 at 42-43.)

In his objections, Bailey discusses at length the informant statements implicating him (R. 636 at 17-20), but he provides no authority for excluding testimony for lack of foundation prior to trial based on discovery reports.[10] Nor does he cite any authority for requiring the government to disclose its witnesses' basis of knowledge prior to trial or otherwise supporting the court's pre-trial intervention, even in a complex case such as this one. Without any authority supporting his request, Bailey cannot show that the magistrate judge clearly erred in denying this motion without prejudice. Bailey will of course be free to object based on Rule 602

---

[9]Rule 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

[10]Instead, he cites cases involving discovery violations. United States v. Cruz-Velasco, 224 F.3d 654, 668 (7th Cir. 2000) (Williams, J., dissenting); United States v. Camargo-Vergara, 57 F.3d 993, 998-99 (11th Cir. 1995). Bailey makes no claim that the government has violated Rule 16 (or Brady v. Maryland) in this case.

15

at trial.[11]  But his objection to the magistrate judge's order is overruled.

### D.    Motion to Compel Disclosure of 404(b) Evidence

Bailey moved for disclosure of Rule 404(b) evidence.  That Rule generally precludes introduction of evidence of a defendant's other bad acts, but such evidence may be admitted for certain purposes (e.g., proving motive, opportunity, or intent).  The government must on a defendant's request provide reasonable notice of the general nature of such evidence the government intends to offer at trial.  Fed. R. Evid. 404(b)(2).

In his motion, Bailey sought immediate disclosure of 404(b) evidence, as well as the circumstances and supporting evidence the government will use to seek admission of other bad acts at trial.  The magistrate judge noted that Bailey offered no authority to support his request that the government disclose, not just the evidence it will attempt to introduce under Rule 404(b), but also the means and methods it may use to seek admission of such evidence. To the extent that Bailey sought discovery, the magistrate judge noted that he failed to comply with Crim. L.R. 16(b).  The magistrate judge ordered that the government disclose to the requesting defendants any 404(b) evidence it may seek to admit not less than 60 days before trial.  (R. 610 at 39-42.)

In his objections, Bailey again provides no authority in support of his request for information as to how the government will seek to admit 404(b) evidence.  He does take issue with the magistrate judge's 60-day deadline, arguing that disclosure should be immediate given the complexity of the case.  The government responds that there is no reason to require immediate disclosure because, aside from a single incident from 1998 (which was prosecuted

---

[11]Bailey will also be free, after informants are disclosed, to renew this request via motion to limine if he can provide a proper basis for exclusion of their testimony.

in Milwaukee County Circuit Court and for which Bailey has received the complaint), there are no other bad acts. (R. 639 at 7.) In his reply in support of the objections, Bailey does not further address this motion. Under these circumstances, I cannot find that the magistrate judge clearly erred in setting the date for disclosure.[12]

## E.   Santiago Hearing

Bailey moved for a Santiago hearing to determine the admissibility of co-conspirator statements. Under Fed. R. Evid. 801(d)(2)(E), co-conspirator statements are not hearsay. In order to admit such statements, the government must provide sufficient evidence to convince the court, as a preliminary matter, that it is more likely than not that a conspiracy existed, the defendant and the declarant were members, and the proffered statements were made during the course of and in furtherance of the conspiracy. United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991) (citing United States v. Santiago, 582 F.2d 1128, 1134-35 (7th Cir. 1978)). The district court may in addressing Santiago evidence make a preliminary determination based on the government's proffer of evidence, rule on each statement as elicited at trial based on the evidence presented to that point, conditionally admit the evidence without a proffer subject to eventual supporting evidence to be presented sometime at trial, or hold a "full-blown" pre-trial hearing to consider all the evidence and make a decision. United States v. Hunt, 272 F.3d 488, 494 (7th Cir. 2001).

Bailey requested a hearing, but as the magistrate judge noted, such hearings are discouraged as inefficient and potentially duplicative. (R. 610 at 38, citing United States v.

---

[12]Earlier in its response to the objections, the government indicates that it intends to introduce under Rule 404(b) testimony related to Bailey's drug dealing with Kevin Arms prior to 2007. (R. 639 at 4 n.1.) Bailey does not address this statement in his reply brief, and I cannot conclude that it requires modifying the magistrate's judge's disclosure deadline.

17

Andrus, 775 F.3d 825, 836-37 (7th Cir. 1985).)  The magistrate judge further noted that it is the long-standing practice in this district to conditionally admit the statements subject to the government later showing they are admissible.  (R. 610 at 38-39, collecting cases.)  Noting that I remained free to deviate from this practice, the magistrate judge ultimately deferred the issue to me.

In his objections, Bailey again notes that according to the discovery the government's case rests in large part on informant statements, and those statements fail to indicate the informants' basis of knowledge.  He also references recorded jail calls between the alleged conspirators the government may seek to introduce.  Because of the importance of these statements to the government's case, as well as the size and the complexity of the case, Bailey contends that this is an instance in which a full-blown hearing should be held.

It would be premature to conduct such a hearing at this point.  I have no idea which of the defendants, if any, will actually proceed to trial.  The government indicates that it will propose, after discussing the issue with defense counsel, breaking the case down into smaller units for separate trials.  Until that happens, it will be impossible to know what statements may be admitted against which defendants.[13]  I will deny the motion without prejudice.  Once trial dates are set, and the parties' litigation positions come into focus, Bailey may renew his request that I make a pre-trial admissibility determination under one of the Santiago alternatives.

## F.    Motion to Disclose Identity of Unindicted Co-conspirators

In addition to his motions for a bill of particulars, Bailey also moved for the immediate

---

[13]It will also be impossible to address possible Bruton issues.  See Bruton v. United States, 391 U.S. 123 (1968) (holding that statement of non-testifying co-defendant inculpating the defendant may not be admitted at joint trial).

18

disclosure of the identities of any unindicted co-conspirators. As indicated above, the government agreed to provide a bill of particulars identifying unindicted co-conspirators, which the magistrate judge concluded mooted in part Bailey's motion. (R. 610 at 18.) In that bill, some of the co-conspirators are identified by number only. (R. 541 at 2.) The magistrate judge concluded that, to the extent Bailey also sought the true names of these persons, the request would be denied consistent with the court's previous order regarding disclosure of this information. (R. 610 at 57, citing R. 452.)[14]

In his objections, Bailey again cites the complexity of the case in seeking immediate disclosure of the identity of all unindicted co-conspirators. However, he provides no specific reason why the magistrate judge's previous order, which I affirmed, does not suffice to balance the government's safety concerns against his right to prepare a defense. The objection is overruled.

### G.    Motion for Grand Jury Disclosure

Finally, in addition to the grand jury-related requests in his motions for a bill of particulars, Bailey also filed a motion for disclosure of grand jury minutes and testimony. Generally kept secret, the court may authorize disclosure of grand jury material at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed. R. Crim. P. 6(e)(3)(E)(ii).

Bailey argued that, based on the discovery, the evidence appeared insufficient to indict him, possibly warranting a motion to dismiss the indictment. The magistrate judge disagreed, noting that insufficiency of the evidence presented to the grand jury is not a basis for dismissal

---

[14]As discussed in note 1, supra, in that previous order the magistrate judge ordered disclosure of certain informants 60 days before trial.

of an indictment. (R. 610 at 31, citing <u>United States v. Fregoso-Bonilla</u>, No. 05-CR-325, 2006 U.S. Dist. LEXIS 64185, at *38 (E.D. Wis. Sept. 7, 2006).) The magistrate judge accordingly denied the motion for disclosure.

In his objections, Bailey again argues that based on the discovery there would have been insufficient evidence for the grand jury to indict him; if that is, in fact, the case, a motion to dismiss the indictment would lie. It would not. "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence[.]" <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974); <u>see also</u> <u>United States v. Williams</u>, 504 U.S. 36, 54 (1992) (noting "that 'a challenge to the reliability or competence of the evidence presented to the grand jury' will not be heard") (quoting <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 261 (1988)). Aside from the insufficiency of the evidence, Bailey identifies no other ground to dismiss the indictment because of a matter that occurred before the grand jury.

Bailey notes that in its bill of particulars the government indicated that the conspiracy began in the early 1990s. He wonders if this evidence was presented to the grand jury and, if so, whether it was rejected based on the indictment's use of a 2007 start date. If the grand jury was not presented with evidence of the existence of the conspiracy prior to 2007, Bailey argues that the government should be foreclosed from admitting at trial evidence of events prior to that date. However, Bailey cites no authority for grand jury disclosure to avoid a possible constructive amendment or variance at trial. As discussed above, Bailey will be free to object if at trial the government presents evidence that varies from the indictment in a manner prejudicial to his defense. <u>See generally</u> <u>United States v. Ratliff-White</u>, 493 F.3d 812, 820 (7th Cir. 2007); <u>United States v. Payne</u>, 226 F.3d 792, 795 (7th Cir. 2000). The cases Bailey

20

cites in his reply brief on this issue addressed evidence presented at trial (R. 641 at 2-4), not pre-trial motions. At this point, I do not know what evidence, if any, from the early to mid-1990s the government will introduce; nor can I predict whether any such evidence will prejudice Bailey's defense.[15] Bailey provides no basis for pre-trial grand jury disclosure in response to an issue that may or may not arise at trial.[16]

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 610) is adopted, the Arms defendants' motions to dismiss (R. 565, 566, 569) are **DENIED**, Bailey's motions to dismiss (R. 371, 557) and suppress (R. 376) are **DENIED**, and Kevin R. Arms's motion to dismiss (R. 446) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Bailey's motion for a Santiago hearing (R. 369) is **DENIED** without prejudice.

**FINALLY, IT IS ORDERED** that Bailey's objections to the magistrate judge's orders on Bailey's non-dispositive motions are overruled, and those orders are affirmed.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[15]The government must disclose Rule 404(b) evidence 60 days before trial, which may include the testimony referenced in footnote 1 of the government's response.

[16]Bailey also filed a motion to suppress (R. 376), which the magistrate judge recommended be denied (R. 610 at 50-55). Bailey does not object to that recommendation. For the reasons stated by the magistrate judge, Bailey's motion to suppress will be denied.

21